PAYNE v. MELTON.

REAL PROPERTY—SPECIFIC PERFORMANCE—CONTRACTS.—When the seller has not only repudiated his contract but has placed himself in such position that he cannot carry it out without the aid of the Court in behalf of the purchaser, the breach of the contract is complete and purchaser may sue on it before time fixed for complete performance.

Before BUCHANAN, J., Greenwood, November, 1902. Reversed. •

Action by Mrs. J. D. Payne against W. D. Melton, Sarah D. Melton, Tallulah Melton and Joseph Hughey. From order sustaining demurrer, plaintiff appeals.

*Messrs. Sheppards & Grier,* for appellant. *Mr. Grier* cites: *Is this action prematurely brought?* 3 Ency., 1 ed., 104; 2 E. & B., 678; 2 Par. on Con., 8 ed., 780, 781; 29 L.

E. U. S., 984; 21 Id., 107; 6 C. & B., 325; 7 Waits Act. & Def., 430.

*Messrs. Graydon & Giles,* contra.   No printed argument.

July 28, 1903.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The complaint sets out a contract made with plaintiff by the defendant, W. D. Melton, for the sale of a tract of land to plaintiff, evidenced by a receipt, of which the following is a copy:

"State of South Carolina, county of Greenwood. . Received of J. D. Payne the sum of $100.00 in part payment of all and singular that certain tract or parcel of land situate in Greenwood County, State aforesaid, containing and measuring 1801-2 acres, the further sum of $500.00 to be paid on or before December 1, 1902, and the balance of purchase price to be paid on January 1st, 1903, at which time the undersigned agrees and binds himself and his heirs to make and execute unto the said J. D. Payne, a good and sufficient title to the said premises, freed of all liens and incumbrances of any nature whatsoever.   The said tract of land is bounded as follows, by the lands of John Darrah, William Scott, J. J. Hinton and J. V. Anderson.   The purchase price of said place is the sum of $2,500.00, based upon an estimate of 180 1-2 acres and if there be more land in the tract than that number the purchase price will be proportionately more, and if there be fewer acres it will be proportionately less. Witness my hand and seal this 2d day of April, A. D. 1902. W. D. Melton, (L. S.)   H. M. Graham, Motte Payne."

It is alleged the parties to the contract agreed that a survey of the land should be made prior to December 1st, 1902.   It further appears from the complaint that one Joseph Hughey holds a mortgage on the land, and he was made a party to the suit in order that his rights might be ascertained and protected.   The plaintiff further alleges that the defendant, W. D. Melton, has repudiated the contract

in the most emphatic terms, and declared to plaintiff his purpose not to receive the remainder of the purchase money, refusing at the same time to allow the survey to be made; and, in pursuance of a fraudulent purpose to defeat plaintiff's rights, has undertaken to convey the land without consideration to his wife and daughter, who had full notice of plaintiff's rights and the fraudulent design of the defendant, W. D. Melton. The plaintiff asks relief as follows:

"(1) That the deed from W. D. Melton to Sarah D. Melton and Tallulah Melton may be declared void, illegal and of no effect, and that the same be cancelled of record. (2) That defendant, W. D. Melton, survey the said 180 1-2 acres herein described, pursuant to the said contract in this behalf. (3) That due provision be made for the payment of any liens existing on said lands and due provision be made to relieve the place from any incumbrance by way of dower or otherwise. (4) For such other and further relief as may be just and conformable to equity and good conscience."

The survey was to be made before December 1st, 1902, and the remainder of purchase money was to be paid by plaintiff and the deed executed to her by January 1st, 1903, while this action was commenced September 23d, 1902. The Circuit Judge sustained a demurrer on the ground that the complaint shows on its face that the action was prematurely brought. The appeal involves solely the correctness of this view, and it is, therefore, unnecessary to set out the complaint more fully.

When the seller has not only repudiated his contract, but has placed himself in such position that he cannot carry it out without the aid of the Court in behalf of the purchaser, there is not the least doubt the breach of the contract is complete, and the purchaser may sue on it without waiting for the time fixed for performance to arrive. 2 Parsons on Contracts, 780, and cases cited in note: *Lowe* v. *Harwood* (Mass.), 29 N. E., 538; 1 Cyc., 742. The case of *Daniels* v. *Newton,* 117 Mass., 23, is the leading case denying the

right to sue on a contract before the time for performance arrives, where there has been nothing more than express notice of refusal to comply. Yet even in that decision the authority of those cases is recognized which hold there is a complete breach where the repudiation is accompanied by acts which place it out of the power of the party repudiating to comply.

In the case under consideration, Melton has made it impossible for the plaintiff to obtain a conveyance from him without the aid of the Court. It is true, the plaintiff was not entitled to have possession of the land, or title, when the action was brought; but Melton having endeavored to place an insuperable obstacle in the way of the attainment of plaintiff's rights under the contract, by conveying the land to others, no reason is apparent why the Court may not entertain this action to annul the deed and establish and preserve plaintiff's rights before the time for the actual enjoyment of the property arrives. In the circumstances alleged here, surely the plaintiff should not be required to postpone her action until opportunity is given the defendants to utterly defeat her rights under the contract by conveying to innocent third persons.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.