### 7339

### BOYD v. TREXLER.

INJUNCTION.—Under the showing made in this case, an action to cancel a deed and to perpetually enjoin defendant from acting thereunder, it is held error to dissolve the temporary injunction upon defendant entering into bond in a specified amount, as the bond is not sufficient to protect plaintiff against irreparable injury.

Before DANTZLER, J., Horry, November, 1908.    Reversed.

Action by Simon Boyd against Harry C. Trexler and Trexler Lumber Company.    From order dissolving temporary injunction, plaintiff appeals.

*Messrs. C. P. Quattlebaum* and *H. H. Woodward,* for appellant, cite: *On what grounds an injunction will be granted:* 54 S. C., 430; 69 S. C., 159; 27 S. C., 514; 60 S. C., 391; 8 Rich. Eq., 46; 10 S. C., 476; 39 L. R. A., 711.

*It was error to dissolve temporary injunction:* 54 S. C., 457;
69 S. C., 52, 156; 67 S. C., 84; 62 S. C., 196; 51 S. C.,
433; 74 S. C., 178; 22 Cyc., 945, 994; 51 S. C., 433.

*Mr. Robt. B. Scarborough,* contra, cites: *The deed gives
grantee legal possession of the premises:* 81 S. C., 494; 12
Rich., 314; 13 Rich., 89; 80 S. C., 106. *Possession cannot
be changed by injunction:* 27 S. C., 408. *As to right to
dissolve the injunction:* 33 S. C., 410; 54 S. C., 437, 457;
75 S. C., 221. *Plaintiff has no primary right to injunction:*
54 S. C., 457; 73 S. C., 410; 75 S. C., 221.

October 25, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was commenced
September 18, 1908, for the cancellation and surrender of
a deed of a tract of land in Horry county, on the grounds
(1) of insanity of the grantor, and (2) of fraud, imposition, undue influence used, and overreaching the grantor
by taking advantage of his mental and physical weakness,
in obtaining the said deed, and for an injunction to restrain
defendant from acting under said deed, and from entry
upon the lands described therein, and from cutting and
removing timber therefrom. On October 1, 1908, upon
the verified complaint and affidavit of plaintiff, Judge
Dantzler granted a temporary injunction, with leave to
defendant to apply for dissolution thereof.

Upon the motion made upon notice before him at his
chambers at Florence, S. C., on November 6, 1908, Judge
Dantzler granted an order dissolving the temporary injunction upon the defendant, Harry C. Trexler, entering into
bond to plaintiff in the usual form, within twenty days, in
the sum of eight thousand dollars, with sureties to be
approved by the clerk. From this order plaintiff appeals.

In the case of *Marion County Lumber Company* v. *Tilghman Lumber Company,* 75 S. C., 221, 55 S. E., 337, the

Court declared: "When the sole purpose of an action is for an injunction, and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it would be error to refuse or set aside a temporary injunction. *Alderman* v. *Wilson,* 69 S. C., 159, 48 S. E. Rep., 85, and cases cited therein. This, however, does not mean that a right to a temporary injunction *pendente lite* follows automatically if the complaint states a cause of action for injunction. The Court should consider the showing made in opposition thereto, and must determine in view of all circumstances, subject to review by this Court, whether the injunction is reasonably essential to protect the legal right of plaintiff pending the litigation, as was done in *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E. Rep., 613."

While injunction is not nominally the sole purpose of the action, which involves also the cancellation of a deed, in reality and practical effect, permanent injunction is sought against asserting rights under the deed on the ground that it is void, and to preserve plaintiff's rights in the premises, if established as alleged, it is essential to restrain the removal of the timber and preserve the *status quo,* since it is alleged "that plaintiff owns no other lands on which there is any valuable timber, and the land itself is well nigh valueless without the said timber, and the same is the only dependence of the plaintiff for fencing his farms, etc." If this be so, removal of the timber would be an irreparable injury, in a legal sense, and the bond which the Circuit Court required of defendant, as a condition of dissolution, would not be an adequate protection.

We prefer not to discuss the affidavits *pro* and *con.* It is sufficient to say that, after consideration, we think plaintiff has shown such a *prima facie* case as warranted a continuance of the injunction until the trial upon the merits.

The judgment of the Circuit Court is reversed, and the order granting temporary injunction *pendente lite* is continued of force.