#### 7842

#### SIZEMORE v. JENNINGS.

1. INJUNCTION.—In the absence of a statement in the decree to the contrary, it is presumed that a Judge in determining if a case for temporary injunction has been made out, considered the answer and affidavits of defendant then before him. In this case a temporary injunction was proper to preserve the rights of the plaintiff.

2. IBID.—AN ACTION to enjoin the owner of land from selling it for the purpose of defeating a devise of it to another for personal services being rendered, the will having been delivered to devisee, is not premature.

Before DeVORE, J., Abbeville, May, 1910.   Affirmed.

Action by Ella L. Sizemore against Mary C. Jennings.

The Circuit decree is:

"This is a motion for a temporary injunction and was heard by me at chambers, at Columbia, South Carolina, on notice duly given in this behalf. It appears that the resident Judge of the Eighth Circuit is quite ill and disqualified on account thereof from attending to any business, and the presiding Judge of said Circuit, Judge Dantzler, is also on account of illness out of the Circuit and unable to hear this matter. It is therefore admitted by counsel for both plain-

tiff and defendant that the matter is properly before me for a hearing.

"On behalf of plaintiff the motion was made on the sworn complaint and affidavit of W. S. Sizemore, husband of the plaintiff. The defendant filed an answer and submitted in support of the allegations of the answer and in opposition to the showing made by plaintiff affidavits of several parties, to wit, the affidavits of Mrs. Mary C. Jennings, of Emma L. Smith, R. L. Smith, J. L. Jennings, Mrs. Martha Reynolds, Dr. R. M. Fuller and Rev. S. R. Bass.

"The defendant resisted the granting of the motion mainly on two grounds: First, that the matter was one entirely in my discretion and that the showing made was sufficient to require me, in the exercise of this discretion to refuse the motion; and 2d, that the action was prematurely brought. These grounds were not reduced to writing, but were taken by counsel in argument.

"I cannot agree with counsel that this matter is one wholly of discretion. I think that it clearly appears from the allegations of the complaint that it is one of these classes of cases in which an injunction is absolutely essential to the preservation and enjoyment of the right claimed. It seems to me that the case falls squarely within the doctrine announced by the Court in the case of *Alderman* v. *Wilson*, 69 S. C. page 159, in which Mr. Chief Justice Jones, as the organ of the Court, cites with approval the decision of *Riley* v. *Union Station Co.,* in which case Judge Watts had refused to grant a temporary injunction. On appeal this Court, through Mr. Justice Gary, says: 'The only question that can be considered at this stage of the case is whether the plaintiffs have made a *prima facie* showing for equitable relief by way of injunction.'

"The plaintiff in the present suit, to my mind, has made a sufficient showing clearly entitling her to a temporary injunction. Certainly it cannot be said that she has failed to

make a *prima facie* showing for equitable relief by way of injunction.

"The showing made very briefly stated is as follows: Plaintiff and defendant some sixteen years ago entered into an agreement whereby the plaintiff, in order to afford protection to the defendant whose husband had recently died, leaving her without children or any one to stay with her, moved into the home of the defendant and was to permit defendant to occupy the same as one of the family as a home during the remainder of her life, in consideration of which the defendant agreed to give to the plaintiff the property consisting of some twenty acres, more or less, on which the dwelling house was situated. It appears that defendant executed her will pursuant to the terms of this agreement whereby she gave the property in question to the plaintiff. A copy of the will was set out in the pleadings, and plaintiff has the original will which she says was given to her at the time as further evidence of the contract and agreement. Plaintiff is in possession of the property and has been ever since the alleged agreement. They have lived together as one family during all these years. It appears that defendant is now far advanced in years and is greatly enfeebled on account of her advanced age and infirmities incident to that condition of human life. It appears that of late months she has been in the care of a trained nurse, and quite recently left the home of plaintiff and became greatly dissatisfied with the previous arrangement and contract entered into between herself and plaintiff. It is alleged that she is trying to defeat the contract and has undertaken to do so, and has tried to sell the property. It is alleged that she will do so unless prevented by the Court, that is, that she will sell it for any price that she can receive in order to defeat this contract. It appears that defendant is without means of any consequence, that she has brought an action to have the husband of plaintiff ejected from the premises, and is outspoken in her intention and determination to defeat the con-

tract. The main purpose and object of the action is to have the Court prevent her doing so. I have not fully stated all the allegations of the complaint, but in a very general way and for the sole purpose of showing the nature and scope of the action. It is scarcely necessary to say that in this statement I do not intend to be construed as deciding any question of fact on the issue raised. That phase of the matter is not before me. If defendant succeeded in selling the land her purpose to defeat the contract would be effectually accomplished and the plaintiff be entirely without any adequate remedy or relief. I therefore have no hesitation in concluding that she is entitled to a temporary injunction as prayed for.

"Now in reference to the second proposition. It is doubtful if this question is properly before me. It seems to me that defendant to have availed herself of this should have filed a demurrer to the complaint or a motion in the nature of a demurrer. This she did not do, but on the contrary filed an answer in the cause and submitted the affidavits in support thereof. However, I am satisfied from the circumstances as disclosed by the moving papers that the action is not prematurely brought. It would be futile to wait until the property was sold and converted. The law does not require a foolish thing. The will gives to plaintiff this specific property, and a sale thereof would entirely violate and breach this agreement. It is not a case in which a party by will agrees to give to another such property as she may have at her death, but on the contrary gives a particular piece of property. The contract has been repudiated and the allegations are that it is now the purpose of defendant to defeat the contract and that she is attempting to do so and will do so unless some relief is had. The case of *Payne* v. *Melton*, in 67 S. C., seems to me to be controlling in this question.

"It is therefore on motion of Grier & Park and Gary & Hill, attorneys for plaintiff, ordered, adjudged and decreed:

"That the defendant herein, Mrs. Mary C. Jennings, be, and she hereby is, enjoined and restrained until the further order of this Court from selling or conveying the real estate mentioned and described in the complaint herein and from doing any act or thing that will defeat the said contract, either by herself or her agents or representatives.

"It is further ordered that the defendant shall have free and unlimited access to and use of the said premises described in the said complaint as a home for herself as contemplated by and provided for under the terms of the said contract mentioned and set out in the complaint herein. And if for any reason the plaintiff or her agents, servants, or representatives or members of her immediate family so conduct themselves that defendant cannot enjoy the said premises as a home, then and in that event the plaintiff must provide comfortable quarters for the said defendant in some home in the town of McCormick suitable to her station in life and defray the cost thereof, failing in which the same to be charged against plaintiff. This provision is intended for the benefit of the defendant and is not intended to afford her the opportunity to capriciously refuse to occupy the home of the plaintiff, but is only to be effective in case there are reasonable grounds for her not doing so.

"It is further ordered that plaintiff shall enter into bond in the sum of three hundred ($300) dollars within a reasonable time after the filing of this order with the clerk of court with the usual conditions of an injunction bond in like cases, which bond shall be signed by at least one surety, and approved by the clerk of court as to form and sufficiency."

Defendant appeals.

*Mr. Wm. N. Graydon,* for appellant, cites: *Granting temporary injunction is optional with the Judge:* 54 S. C. 457; 67 S. C. 84; 75 S. C. 222; 69 S. C. 159. *Revocation of wills:* 50 N. E. 268; 73 S. C. 164. *Judge should have*

*considered the showing made by defendant:* 86 S. C. 160. *Suit is premature:* 37 S. C. 71; 60 Am. R. 107; 13 Johns 379. *Judge cannot decide case on merits at chambers:* 27 S. C. 408; 84 S. C. 37.

*Messrs. Gary & Hill,* contra, cite: *Contract alleged is now enforcible: Bruce* v. *Moon,* 57 S. C.; *Payne* v. *Melton,* 67 S. C.; 1 Cyc. 742. *Temporary injunction necessary here:* 69 S. C. 159.

March 27, 1911. The opinion of the Court was delivered by

Mr. Justice Woods. This is an appeal from a decree of Hon. J. W. DeVore, Circuit Judge, enjoining the defendant from disposing of certain real estate described in the complaint. The facts alleged in complaint are fully stated in the Circuit decree, and the reasoning of the Circuit Judge so clearly vindicates his conclusions of law that we shall add very little to what he has said.

The main ground of appeal is that the Circuit Judge based his finding, that the plaintiff had made out a *prima facie* case for temporary injunction on the complaint alone without taking into consideration the answer and affidavits submitted by the defendant in opposition to the motion. The answer and these affidavits were before the Circuit Judge, and we must assume that he gave them consideration in the absence of any statement in the decree to the contrary. The complaint and answer and affidavits made serious issues of facts as to the merits of the case. From consideration of these issues we agree with the Circuit Judge that without an injunction a judgment in favor of the plaintiff on the trial would probably be fruitless. On the other hand, the defendant could suffer no loss from the injunction except the temporary suspension of her power of alienation. No statement of the law on the subject is necessary, as it has been set out in recent cases.

*Marion County Lumber Co.* v. *Tilghman Lumber Co.,* 75 S. C. 220, 55 S. E. 337.; *Boyd* v. *Trexler,* 84 S. C., 51, 65 S. E. 936.

As held in the Circuit decree, the point that the action was prematurely brought is disposed of by the case of *Payne* v. *Melton,* 67 S. C. 233, 45 S. E. 154.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.