8687

McSWAIN v. ATLANTIC COAST LUMBER CORPORATION.

1. TIMBER DEEDS—OPTIONS—PUBLIC POLICY.—The option on timber in question is not champertous and barretrous and thereby contrary to public policy.
2. OPTION—SPECIFIC PERFORMANCE.—Acceptance of an option within the time limit and compliance with its conditions vests the optionee with the right to bring an action of specific performance.
3. TIMBER DEEDS.—What is a reasonable time to cut and remove timber under a timber deed should not be adjudged on affidavits on motion to dissolve a temporary injunction.
4. INJUNCTION—EQUITABLE TITLE.—The Court should grant an injunction upon a proper showing where an equitable interest or title to land is involved.

Before SPAIN, J., Darlington, January, 1913.   Reversed.

Action by T. C. McSwain against Atlantic Coast Lumber Corporation and S. U. Davis.

COMPLAINT.

"The complaint of the above named plaintiff respectfully shows to the Court:

For a first cause of action:

I. "That the defendant, Atlantic Coast Lumber Corporation, is a corporation duly chartered and organized under the laws of the State of South Carolina.

II. "That on the 9th day of November, A. D. 1910, D. K. Godbold was seized in fee and possessed of a certain tract

of land, situate in the county of Marion and State of South
Carolina, containing five hundred acres, more or less, com-
monly known as the Cannon lands, and described as fol-
lows: North by lands of Mrs. Annie Gresham, south by
lands of Ben Richardson, east by lands of J. W. Jones and
R. B. Brown, and west by lands of Wesley Gasque.

III. "That on the said 9th day of November, A. D. 1910,
the said D. K. Godbold executed and delivered to S. W.
Norwood an option to purchase, or privilege or right of pur-
chasing, the timber upon the above described tract of land
for the sum of one thousand dollars, payable within sixty
days from the date of the filing of the decision of the Court
of last resort affirming a good and sufficient title for the
timber therein described in the said D. K. Godbold, his heirs
or assigns; and for value received, agreed to convey to the
said S. W. Norwood, his heirs or assigns, all the timber
described therein, upon the payment of said sum, in accord-
ance with the terms of the said option; which said option,
privilege or right was entered for record in the clerk of
court's office for Marion county, on the 18th day of Janu-
ary, A. D. 1911, and was on said date duly recorded in Book
TTT, at page 516. That a copy of said option, privilege
or right is hereto attached and hereby made a part thereof,
and to which all necessary reference is craved.

IV. "That thereafter, by sundry mesne conveyances, all
the right, title and interest of the said S. W. Norwood in
and to the said timber, under the terms of said option, priv-
ilege or right, were acquired and held by plaintiff; and plain-
tiff is now possessed of and the owner of all rights granted
to the said S. W. Norwood in said option, privilege or
right.

V. "That when said option, privilege or right was exe-
cuted, it was the intention of the parties that a suit should
be instituted to remove any cloud that might be upon the
title of the said grantor to the timber described therein; that
pursuant to said option and the intention of the parties, as

above stated, on the 25th day of July, A. D. 1911, the said D. K. Godbold executed and delivered to the plaintiff a power of attorney authorizing such action as might be necessary or expedient for the protection of the said D. K. Godbold and plaintiff, which said power of attorney was, on the 26th day of January, 1912, entered in the clerk of court's office for record, and was on said day duly recorded; a copy of which power of attorney is hereto attached and expressly made a part hereof.

VI. "That, as plaintiff is informed and believes, the said D. K. Godbold has since conveyed the above described tract of land to defendant, S. U. Davis.

VII. "That the plaintiff has been, and is now, willing to exercise said option and pay the purchase price therein mentioned upon the removal of the cloud on the title of the said D. K. Godbold, and his grantee, the defendant, S. U. Davis, by reason of a certain timber deed or contract executed on the 15th day of December, A. D. 1898, by H. H. Alford to R L. Montague, hereinafter more specifically referred to; and that this Court should by decree order the said S. U. Davis to convey to plaintiff the said timber, in accordance with the terms of said option, upon payment of the sum of one thousand dollars within sixty days after the determination of this action; that is to say, within sixty days after the filing of the decision of the Court of last resort removing any cloud on the title of the said S. U. Davis, and affirming in him a good and sufficient title to same.

VIII. "That as an evidence of good faith and as a tender, in accordance with the terms of said option, the plaintiff has caused to be deposited with the clerk of this Court said sum of one thousand dollars to be paid to the said S. U. Davis upon the execution of the deed, in accordance with the terms of said option, upon the determination of this litigation, or upon the removal of any cloud on the title of the said S. U. Davis to the timber, according to the terms of said option.

"For a second cause of action:

I. "That the defendant, Atlantic Coast Lumber Corporation, is a corporation duly chartered and organized under the laws of the State of South Carolina.

II. "That on the 9th day of November, A. D. 1910, D. K. Godbold was seized in fee and possessed of a certain tract of land, situate in the county of Marion and State of South Carolina, containing five hundred acres, more or less, commonly known as the Cannon lands, and described as follows: North by lands of Mrs. Annie Gresham, south by lands of Ben Richardson; east by lands of J. W. Jones and R. B. Brown, and west by lands of Wesley Gasque.

III. "That on the said 9th day of November, A. D. 1910, the said D. K. Godbold executed and delivered to S. W. Norwood an option to purchase, or privilege or right of purchasing, the timber upon the above described tract of land for the sum of one thousand dollars, payable within sixty days from the date of the filing of the decision of the Court of last resort affirming a good and sufficient title for the timber therein described in the said D. K. Godbold, his heirs or assigns, and for value received, agreed to convey to the said S. W. Norwood, his heirs or assigns, all the timber described therein, upon the payment of said sum, in accordance with the terms of the said option; which said option, privilege or right was entered for record in the clerk of Court's office for Marion county, on the 18th day of January, A. D. 1911, and was on said date duly recorded in Book TTT, at page 516. That a copy of said option, privilege or right is hereto attached and hereby made a part hereof, and to which all necessary reference is craved.

IV. "That thereafter, by sundry mesne conveyances, all the right, title and interest of the said S. W. Norwood in and to the said timber, under the terms of said option, privilege or right, were acquired and held by plaintiff; and plaintiff is now possessed of all and the owner of all rights

granted to the said S. W. Norwood in said option, privilege or right.

V. "That when said option, privilege or right was executed, it was the intention of the parties that a suit should be instituted to remove any cloud that might be upon the title of the said grantor to the timber described therein; that pursuant to said option and the intention of the parties, as above stated, on the 25th day of July, A. D. 1911, the said D. K. Godbold executed and delivered to the plaintiff a power of attorney authorizing such action as might be necessary or expedient for the protection of the said D. K. Godbold and plaintiff, which said power of attorney was, on the 26th day of January, 1912, entered in the clerk of Court's office for record, and was on said day duly recorded; a copy of which power of attorney is hereto attached and expressly made a part hereof.

VI. "That, as plaintiff is informed and believes, the said D. K. Godbold has since conveyed the above described tract of land to defendant, S. U. Davis.

VII. "That the plaintiff has been, and is now, willing to exercise said option and pay the purchase price therein mentioned upon the removal of the cloud on the title of the said D. K. Godbold, and his grantee, the defendant, S. U. Davis, by reason of a certain timber deed or contract executed on the 15th day of December, A. D. 1898, by H. H. Alford to R. L. Montague, hereinafter more specifically referred to; and that this Court should by decree order the said S. U. Davis to convey to plaintiff the said timber, in accordance with the terms of said option, upon payment of the sum of one thousand dollars within sixty days after the determination of this action; that is to say, within sixty days after the filing of the decision of the Court of last resort removing any cloud on the title of the said S. U. Davis, and affirming in him a good and sufficient title to same.

VIII. "That as an evidence of good faith and as a tender, in accordance with the terms of said option, the plaintiff

has caused to be deposited with the clerk of this Court said sum of one thousand dollars to be paid to the said S. U. Davis upon the execution of the deed, in accordance with the terms of said option, upon the determination of this litigation, or upon the removal of any cloud on the title of the said S. U. Davis to the timber, according to the terms of said option.

IX. "That heretofore, to wit, on the 15th day of December, A. D. 1898, H. H. Alford, being then seized in fee and possessed of said tract of land, executed and delivered to one R. L. Montague a certain instrument of writing styled and known as a 'deed and contract,' and commonly called a 'timber deed,' bearing date on said day, whereby he purported to sell and convey unto the said R. L. Montague all the timber of every kind and description to twelve inches stump diameter and upwards, twelve inches from the ground at the time of cutting, then standing and being upon that certain piece, parcel or tract of land described in paragraph two hereof, together with certain timber rights. rights of way, privileges and easements therein more specifically set forth, all of which will more fully appear by reference to said deed, a copy of which is hereto attached, and hereby made a part of this complaint, and to which all necessary reference is craved.

X. "That thereafter, by sundry mesne conveyances, all the right, title and interest of said grantee, R. L. Montague, in and to the said timber, timber rights, rights of way, privileges and easements mentioned and described in the said deed were acquired and held by the defendant, Atlantic Coast Lumber Corporation, which, as this plaintiff is informed and believes, claims and asserts its rights to hold the same under and by virtue of a deed of conveyance executed and delivered to it.

XI. "That on or about the 20th day of December, A. D. 1912, the defendant, Atlantic Coast Lumber Corporation, by and with the connivance and consent of said S. U. Davis,

as plaintiff is informed and believes, in utter disregard of the rights of plaintiff, wilfully and wantonly entered upon the aforesaid lands, as described in said option, and as hereinbefore described, with a force of men and teams, and prepared and intend to operate and lay out roads and tramroads upon and over the said lands and began to cut, fell and remove the said timber, both standing and fallen, therefrom; and that, as plaintiff is informed and believes, the said defendants are still continuing and threaten and intend to continue its said logging operations upon the said lands of the plaintiff. That said defendants have already wilfully and wantonly cut and removed, or are about to remove, large quantities of timber from said lands to plaintiff's damage eight hundred dollars.

XII. "That when the said deed was executed and delivered by the said H. H. Alford to the said R. L. Montague, as plaintiff is informed and believes, it was the intent and purpose of the parties to the aforesaid deed and timber contract hereinbefore set forth, that the said grantee, his heirs or assigns, should at once, or within a reasonable time after the date of the execution and delivery thereof, commence to cut and remove the timber from said lands, and continue the same without cessation until the said timber should have been cut and removed; but, that although a period of more than fourteen years has elapsed and expired, neither the said grantee nor his heirs and assigns nor either of the defendants herein commenced the cutting and removing of the said timber until the date above mentioned. And the plaintiff alleges that a reasonable time for said cutting and removing has long since expired, and had expired long before the entry of defendants aforesaid.

XIII. "That the value of the said timber constitutes by far the larger part of the value of the said land, and the cutting and the removal thereof would involve irreparable injury upon the plaintiff by wasting and devastating the freehold. That the operations of the said defendants thereon, if con-

tinued, would constitute a series of successive and repeated entries upon the said lands and would entail upon the plaintiff loss and damage for which he could not obtain adequate redress at law, and same would involve a multiplicity of vexatious, harassing and expensive suits, and the plaintiff can, therefore, obtain adequate remedy for the same only in a court of equity.

XVI. "That, *inter alia,* the said contract reads as follows: 'It is agreed that the time limit of this conveyance, as above set forth, shall be ten years from the time the second party begins cutting and removing the said timber from the lands above described; but the first party agrees that the said time limit may be extended from year to year thereafter upon the payment by the said second party, his heirs, executors, administrators or assigns, of interest on the original purchase price at the rate of six (6%) per cent. per annum; and this plaintiff alleges that, by a proper construction of said deed and contract, it must be held to have imposed upon the said grantee, his heirs and assigns, the duty and obligation to begin the cutting and removal of the timber therein described within a reasonable time after the date thereof; and the plaintiff alleges that such reasonable time had long since expired prior to any entry by defendants, or by the said grantee, his heirs, or assigns, including the defendants herein, and that the said grantee, his heirs and assigns, including the defendants herein, have forfeited and lost all right, title and interest in and to the said timber, all the said timber rights, rights of way, privileges and easements, and the same have by operation of law reverted and revested in plaintiff, and that the entry upon the said lands by the said defendants was a trespass; and that, if the said defendants should be permitted to continue their logging operations thereon, the same would amount to a series of repeated vexatious and harassing trespasses.

"Wherefore, plaintiff demands judgment:

I. "That the said deed be adjudged to have required the grantee and his heirs and assigns, including the defendants, to commence the cutting and removal of the said timber within a reasonable time, and that said time may be decreed to have elapsed and expired prior to entry; and that it may be adjudged that the defendants have forfeited and lost all rights under the said deed by reason of the expiration of such reasonable time, and that the said defendants shall deliver up the same to be cancelled.

II. "That the defendants, their officers, agents, servants and employees, and all persons claiming or acting for, through or under them or either of them, may be perpetually enjoined and restrained from entering upon the said lands of the plaintiff, for the purpose of, and from, cutting or removing any of the timber, either standing or fallen, and from cutting or opening or laying out roadways or cartways thereon, or causing or suffering to be done or committed any other act or things looking to the exercise of any rights claimed under the said deed and contract.

III. "That in the meantime, and pending the final determination of this action, the said defendants, their officers, agents, servants and employees, and all other persons acting or claiming by or under them, or either of them, may be enjoined and restrained from doing or committing, or causing or suffering to be done or committed, any of the acts or things aforesaid.

IV. "That plaintiff herein have judgment against said defendants for the sum of eight hundred dollars' damages, and that said defendants be required to account for all timber cut by them or either of them.

V. "That upon the cancellation of said deed, that the said S. U. Davis be ordered to convey to plaintiff the said timber, in accordance with the terms of the said option, and receive therefor the said sum of one thousand dollars, which the clerk of this Court should pay over to him upon the execution and delivery of said deed.

VI. "For the costs and disbursements of this action, and for such other and further relief as to this Honorable Court may seem just and equitable."

### Power of Attorney.

"State of South Carolina, County of Marion.

"Whereas, On the 9th day of November, A. D. 1910, I, the undersigned, for value received, executed and delivered to S. W. Norwood an option to purchase the timber on all and singular that certain piece, parcel or tract of land, containing 500 acres, more or less, and bounded as follows: North by Mrs. Annie Gresham, south by Ben Richardson, east by J. W. Jones and R. B. Brown, and west by Wesley Gasque, commonly known as 'Cannon Lands,' which said option was duly recorded in clerk of Court's office for said county and State, in Book TTT, pages 516-517-518, on the 18th day of January, 1911; and,

Whereas, The said S. W. Norwood duly assigned, transferred and set over to T. C. McSwain the said option by his assignment, dated December 21, 1910, duly recorded in clerk of Court's office for said county and State, January 18, 1911, in Book TTT, page 536; and,

"Whereas, It was the intention of the parties to said option that a suit should be instituted by the said S. W. Norwood, or his assigns, to remove any cloud that may exist upon the title to said timber, and to have it determined by the Court whether I have good and sufficient title to the said timber; and,

"Whereas, The said T. C. McSwain is ready and willing to comply with the terms of said option, on his part, and to take title to said timber as soon as any cloud upon the title to said timber shall be removed; and,

"Whereas, The said T. C. McSwain has retained and appointed Henry Buck, attorney at law, to represent the undersigned and him, and to take such action as he may

deem necessary and expedient for the protection of the rights of the undersigned and said T. C. McSwain, and to make any such settlements as may be deemed for the best interest of the said T. C. McSwain, protecting fully the rights of the undersigned in reference to the consideration to be paid for the timber by T. C. McSwain, as fixed in said option;

"Now, therefore, in consideration of the foregoing, and in order to fully protect the rights of the undersigned and T. C. McSwain, and for his benefit and for the benefit of the undersigned, I hereby fully ratify and confirm said option in all particulars, and hereby authorize and empower the said Henry Buck to represent me in any settlement that may be made by any person, persons, firm or corporation, to institute and prosecute at such times as he deems best in my name, such action or actions as to him may seem necessary or expedient; it being expressly understood that the power hereby conferred is exclusive and irrevocable.

"And it is hereby expressly understood and agreed that under no circumstances am I, the undersigned, to receive for said timber any sum other than the consideration provided therefor in said option, which said sum shall be payable immediately upon any settlement made with any person, firm or corporation claiming interest in said timber, if any settlement be made, or within sixty days after a decree of the Court of last resort confirming the title of the undersigned to said timber upon the execution of the conveyance provided for in said option.

"And it is expressly understood and agreed that the undersigned shall furnish the said attorneys such information as may be necessary in the preparation and prosecution of any action decided upon by them; it being expressly understood and agreed that the said T. C. McSwain shall bear all expenses in connection with any settlement or litigation, and shall pay all attorney's fees.

"In witness whereof, I have hereunto set my hand and seal, this 25th day of July, A. D. 1911.

"D.·K. Godbold.    (Seal.)

"Signed, sealed and delivered in the presence of C. J. Craven, William Owens."

### Affidavit.

"State of South Carolina, County of Florence.

"Personally appeared before me John Richardson, Jr., who, being duly sworn, says that he has been since the year 1907 in the employ of Atlantic Coast Lumber Corporation, one of the defendants in the above stated case.

"That he is familiar with the tract of land containing five hundred acres, more or less, described in the deed or timber contract entered into between H. H. Alford and H. L. Montague, and dated the 8th day of September, 1898.

"That during the winter or spring of the year 1907, he was placed in charge of the work of the corporation in Marion county, looking to the cutting of its timber holdings there and transporting same to Georgetown by water, to be there manufactured into lumber.

"That in the exercise of the rights conveyed in the said H. H. Alford timber contract he entered upon the tract of land therein described, some time between January and May, 1907, and laid out and opened up a right of way to be used for the construction of a main line logging railroad, by means of which to remove the timber upon this tract and other tracts of land in that community.

"That in March, 1908, the railroad track was actually constructed across the lands in question, and was thereafter used in the exercise of the rights conveyed by the deed above described, for transporting timber to Pee Dee River.

"That from the H. H. Alford tract of land, which was at that time owned by one D. K. Godbold, he actually cut pine timber to be manufactured into lumber, and transported same to Pee Dee River for shipment to Georgetown, to the

amount of approximately two hundred thousand (200,000) feet, and that this cutting was done in March or April, 1909, about which time a tramroad extending from the main line logging railroad was constructed entirely across this tract of land, in the further exercise of the rights acquired under the Alford contract.

"That at the time the said D. K. Godbold was residing on the tract of land in question, and knew of the operations that were being conducted thereon, but did not at any time interpose any objection thereto, or notify this deponent of any contention on his part to the effect that the rights of the corporation had expired, or that there was any limit upon the time within which he conceived it to be its duty to remove the timber from his lands.

"That at the time when he went into that community and commenced the operations hereinbefore detailed, it was the *bona fide* intention and purpose of the corporation to commence the logging of the timber in that territory, in the exercise of the rights acquired under the contracts covering same, with a view to continuing such cutting within the definite periods provided in said contracts, or such extensions thereof as might be obtained by the payment of interest, and that the operations were discontinued temporarily solely because the method of transporting the timber to Georgetown by water did not prove profitable.   Jno. Richardson, Jr."

"State of South Carolina, Marion County.

"Personally appeared before me D. K. Godbold, who, on oath, says that he has read the affidavits of John Richardson, Jr., J. D. Montgomery and M. C. Woods, in the case of Annie Law Gresham against the Atlantic Coast Lumber Corporation, herein, and affidavit of John Richardson, Jr. in the case of T. C. McSwain against the Atlantic Coast Lumber Corporation *et al.,* herein, and that he knows of his own knowledge that the said corporation and its agents were

notified and warned not to cut or remove any of the timber on the lands described in the above stated cases; that he in person gave said notice to the company's agents, one John Richardson, Jr., and others, and that the said company, neither in 1907 or 1909, cut or removed any timber of consequence from the aforesaid lands, except in small quantities, and then only for building camps or for tramroad purposes and not for manufacture or shipping to market. That deponent has read affidavit of Mrs. Annie Law Gresham and concurs in same. D. K. Godbold."

Plaintiff appeals on the following exceptions:

I. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that said temporary injunction was and is essential to the preservation and protection of the rights of plaintiff pending the determination of the case on its merits.

II. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, as its dissolution makes it possible for the defendant to cut and remove the timber which is the subject of the action pending a final hearing of the case on its merits and thus deprive plaintiff of the benefit of a favorable determination of the case.

III. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction, in that the dissolution was abuse of discretion and deprived plaintiff of the right to a trial of the case on its merits, and denies him the preservation and protection of his rights pending the trial of the case, for without said temporary injunction, defendant, Atlantic Coast Lumber Corporation, will cut and remove the entire body of timber, and thus destroy the subject of the action, and result in irreparable injury to plaintiff.

IV. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that it appears from the record that on the 9th day of November, A. D. 1910, one D. K. Godbold, then seized in fee and pos-

sessed of the premises described in the deed attached to complaint, executed and delivered an option to purchase, or privilege or right of purchasing, the timber on said land, which said option was duly recorded on January 18, 1911; that this was notice to the defendant, S. U. Davis, and upon the commencement of this action and the deposit of the consideration named in said option, to wit, one thousand dollars, the relation of vendor and purchaser became established between plaintiff and said S. U. Davis; and plaintiff was entitled to a conveyance of the timber in accordance with the terms of said option, upon the removal of the cloud on the title of S. U. Davis by reason of the deed and contract between H. H. Alford and R. L. Montague attached to the complaint. And in that until the case can be heard upon its merits, a temporary injunction is necessary for the protection of plaintiff's rights and interest in and to the timber and its dissolution would work irreparable injury on plaintiff, he having no adequate remedy at law.

V. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein on motion of defendant, Atlantic Coast Lumber Corporation, in that it appears that the timber on said lands were conveyed to R. L. Montague by deed dated December 15, 1898, and that under the allegations of the complaint no entry was made upon said lands for cutting or removing the timber until on or about the 20th day of December, 1912, a period of more than fourteen years having elapsed since the execution of the said deed, which said period plaintiff alleged was more than a sufficient reasonable time in which to commence to cut and remove said timber; and plaintiff was and is entitled to a restraining order until this question can be determined at the trial of the case on its merits.

VI. "Because his Honor erred, it is respectfully submitted, in dissolving the temporary injunction herein, in that even under the affidavit of John Richardson, Jr., submitted by defendant, no entry was made until 1907, nine years after

the execution of the said deed and contract, which said period was a more than sufficient reasonable time within which to commence to cut and remove said timber; and to dissolve the injunction before the decision of what would be a reasonable time would work irreparable injury on plaintiff, by destroying the subject matter of the action

VII. "Because his Honor erred, it is respectfully submitted, in considering any attack upon the validity of the option and power of attorney attached to the complaint by the defendant, Atlantic Coast Lumber Corporation, in that said defendant has no connection therewith, or interest therein, and any objection thereto should be raised by defendant, S. U. Davis."

*Messrs. Henry Buck, Mullins & Hughes* and *A. F. Woods,* for appellant, cite: *Injunction should not have been dissolved:* 84 S. C. 1; 54 S. C. 430; 77 S. C. 81; 54 S. C. 457; 62 S. C. 196; 69 S. C. 159; 67 S. C. 84; 75 S. C. 220; 69 S. C. 551. *Defendant had forfeited its right to cut:* 89 S. C. 328, 153; 90 S. C. 363; 92 S. C. 418. *Acceptance of option vests an interest in the land:* 39 Cyc. 1238, 1243; 30 Am. St. R. 47; 118 *Id.* 586; 10 Rich. Eq. 447; 48 S. C. 509. *Injunction may be issued to protect an estate wholly equitable:* 4 Pom. Eq. Jur., secs. 1339, 1340, 1348; 67 S. C. 233; 84 S. C. 51; 88 S. C. 243. *Contract is not tainted with barratry:* 5 Cyc. 618; 1 Bail. 379; 15 Am. D. 308; 5 Ency. 820; 2 McC. Eq. 558; 13 S. C. 545; 115 U. S. 528; 114 Am. St. R. 326; 28 Am. St. R. 752; 29 Am. St. R. 196; 5 Ency. 819; 1 Bay 107; 2 Bay 133; 4 McC. 253; 114 Am. St. R. 326; 6 Cyc. 890; 25 S. C. 593.

*Messrs. Willcox & Willcox,* contra, cite: *Contract is champertous:* 2 McC. 385; 1 Bail. 397; 130 Pac. 217. *One holding a mere option has no title he can protect by injunction:* 75 S. C. 223; 144 U. S. 394; 106 U. S. 252; 26 U. S.

1; 77 U. S. 359. *Injunction properly dissolved:* 77 S. C. 81; 87 S. C. 566.

November 18, 1913. The opinion of the Court was delivered by

Judge Devore, *acting Associate Justice in place of Mr. Justice Woods.* This case was commenced by the service of a summons and complaint on January 16th, 1913, and is for the purpose: First, of specific performance; second, to obtain a decree of the Court adjudging a deed and contract, a copy of which is attached to the complaint, to require the grantee therein to commence cutting and removing the timber therein conveyed within a reasonable time; third, that such reasonable time had elapsed and expired prior to entry; fourth, that the defendant, Atlantic Coast Lumber Corporation, had forfeited and lost all rights under said deed by expiration of such reasonable time; fifth, for the purpose of securing an injunction against the cutting and removing of the timber in question. A temporary injunction was granted by Judge Spain on January 15, 1913, and was dissolved on January 25, 1913, on motion of the defendant, Atlantic Coast Lumber Corporation, on notice duly given.

This appeal is from the order of the Circuit Judge dissolving the injunction, and is based on eight exceptions, all of which need not be considered, as will be shown hereafter. No answer appears in the record before the Court, and it must be assumed there was none to the complaint herein. The complaint, together with the record now before the Court, show: That on December 15, 1898, H. H. Alford made and delivered to R. L. Montague what is known as a "timber deed," or contract, wherein there was no time fixed when the party having the right to do so, should commence to cut and remove the timber from the land described therein, and described in the complaint. Endorsed on the back of this "timber deed" is a receipt by H. H. Alford dated 17th of January, 1900, whereby he

acknowledges in full the purchase money of same, and that the deed becomes absolute and complete, according to its terms. Thereafter the defendant, Atlantic Coast Lumber Corporation, acquired all the rights of Montague. On November 9th, 1910, D. K. Godbold, being seized in fee and possessed of said land, executed and delivered to S. W. Norwood an instrument, termed an option, whereby he sold the right to purchase said timber for one thousand dollars, payable one dollar cash and the balance within sixty days from the filing of the decision of the Court of last resort affirming a good and sufficient title to the grantee for the timber therein conveyed. Thereafter S. W. Norwood sold this option or paper, to T. C. McSwain, who accepted the terms and conditions therein stated, and, in good faith, put up one thousand dollars in the hands or possession of the clerk of the Court for Marion county to be paid to S. U. Davis, the same being the consideration named in the option, and D. K. Godbold, having thereafter conveyed the tract of land to the defendant, S. U. Davis, who had notice of the option. On the 25th of July, 1911, Godbold executed an instrument whereby he authorized and empowered Mr. Henry Buck, his attorney, to represent him "in any settlement that may be made by any person or persons, firm or corporation; and to institute and prosecute any action or actions as to him may seem necessary or expedient, it being expressly understood and agreed that said T. C. McSwain shall bear all expenses in connection with any settlement or litigation, and shall pay all attorney's fees." This instrument recites, "It was the intention of the parties to said option that a suit should be instituted by the said S. W. Norwood, to remove any cloud that might exist upon the title to said timber." The complaint alleges that defendant, Atlantic Coast Lumber Corporation, with a force of hands * * * on the 20th of December, 1912, with the connivance and consent of S. U. Davis, entered upon the land in utter disregard of plaintiff's rights, prepared

and intended to operate * * *, and began to cut and remove the timber therefrom, as the plaintiff is informed and believes, and that the defendant, Atlantic Coast Lumber Corporation, intends to continue to do so; that it has already cut and removed large quantities of timber; that the cutting and removing would involve irreparable injury upon the plaintiff. The above statement from the record is sufficient for this appeal. By reference to the order of the Circuit Judge it will be seen there is no reason given for dissolving the temporary injunction. The defendants, however, state in their printed argument, that the motion was made on three grounds; the Court must therefore assume that it was upon one or more or all of these grounds that the order dissolving the temporary injunction was based.

The first ground was: "That the contract appeared on the face of the papers to be champertous and barratrous, and thereby contrary to public policy and void." At the hearing of the case, individually, I was very much impressed with this position and contention of the defendants, but after investigating the following authorities, I am satisfied this position can not be sustained. 5 Cyc. 618, note 15; 5 A. E. Enc. of Law 820; *Fraser & Dill* v. *Charleston,* 13 S. C. 545; *State* v. *Chitty,* 1st Bailey 400; *Verdier* v. *Simmons,* 2 McCord Eq. 558; *Thayer* v. *Clews,* 115 U. S. 528; *Elser* v. *Village of Gross Paint,* 114 Am. At. Rp. 326; *Brown* v. *Bigne,* 28 Am. St. Rp. 752; *Metropolitan Life Ins. Co.* v. *Fuller,* 29 Am. St. Rp. 196.

Second ground: "That the papers showed upon their face and that it appears upon the face of the complaint. when considered in connection with the documents attached thereto, that plaintiff has no title to the property in dispute, that he has not even such a claim as would entitle him to specific performance, and that he could not maintain an action upon such title, or absence of title for an injunction." The record in the case shows

that the plaintiff, the assignee of the original option, has elected to affirm the contract for the sale of the timber, and has deposited one thousand dollars with the clerk of the Court, the amount to be paid for the timber as per the contract, and has brought an action to require the performance of the contract, and to remove any cloud upon the title, and after the Court of last resort shall affirm a good and sufficient title as per the agreement contained in the power of attorney then the one thousand dollars is to be paid for the timber. Godbold, in the power of attorney, acknowledges plaintiff's readiness and willingness to perform, and agrees that he may perform when the cloud upon the title is removed. The following authorities hold and lay down the doctrine that "Acceptance, within the time specified, of an option to purchase and compliance with the conditions, if any, changes the option into a contract of sale, binding upon both parties." 39 Cyc. 1243; *Ross* v. *Parks*, 30 Am. St. Rp. 47; *Mier* v. *Hadden*, 118 Am. St. Rp. 586; *Sams* v. *Fropp*, 10 Rich. Eq. 447; *Lumber Co.* v. *Smalls*, 84 S. C. 439. These authorities are not in conflict with the authorities cited by defendant, to wit: *Waterman* v. *Banks*, 144 U. S. 390; *Richardson* v. *Hardwick*, 106 U. S. 394; *Bank of Columbia* v. *Hagner*, 25 U. S., 1st Peters 464; *Rutland Marble Co.* v. *Ripley*, 77 U. S. 10; Wal. 359.

These authorities apply where the parties stand in the relation to each other as optionor and optionee, not where the relation has been changed to that of vendor and vendee, by a compliance with the terms and conditions of the option, accepting them and placing the purchase price where it is available to pay for the timber, as in this case, and as agreed upon by the optionor and the optionee, when the title is perfected. The second ground of contention of the defendant can not, therefore, be sustained.

Third ground: "That upon the face of the papers, and upon the overwhelming weight of the evidence, the defend-

ant corporation should be held to have commenced cutting and removing the timber in question within the time permitted by the contract, and was, therefore, within its rights in continuing to cut the timber."

This involves the main issue, to wit: What is a reasonable time within which to commence to cut and remove the timber? This issue must be settled and determined when the case is tried on its merits by the proper judicial tribunal. *McClary* v. *A. C. L. Corporation*, 90 S. C. 153; *Crawford* v. *A. C. L. Corporation*, 77 S. C. 81, 57 S. E. 670; 10 L. R. A. (N. S.) 736n; *Riley* v. *Union Station Co.*, 67 S. C. 84, 45 S. E. 149.

To try this issue upon affidavits would be a most unsatisfactory mode of eliciting truth. *Cudd* v. *Calvert*, 54 S. C. 157.

There is no answer to the complaint in so far as the record shows, hence the facts stated therein are not denied, for the purposes of the case under consideration, and besides the verified complaint there is the affidavit of D. K. Godbold, which is in direct conflict with the affidavit of John Richardson, Jr., the only evidence submitted by the defendant on motion to dissolve the temporary injunction. So, if the Circuit Judge based his order of dissolution on the third ground it was really trying the main issue in the case, based on the verified complaint and the affidavit of D. K. Godbold on behalf of the plaintiff, and the affidavit of John Richardson, Jr., on behalf of the defendants, which, according to *Cudd* v. *Calvert, supra,* is a most unsatisfactory mode of eliciting truth. The third position or contention of the defendant cannot therefore be sustained.

There is no difference between this case and the principle laid down in the case of *Gresham* v. *A. C. L. Corporation, ante* 53, except in the Gresham case the legal title to the timber was involved, and in this case the equitable title to or interest in the timber is involved.

The Court will grant an injunction upon a proper showing where equitable interest or title is the issue involved, as well as where the legal title is the issue involved, and the showing made, at the hearing below, before the Circuit Judge was sufficient to grant an injunction upon. *Payne* v. *Melton,* 67 S. C. 233, 45 S. E. 154; *Boyd* v. *Traxler,* 84 S. C. 51, 65 S. E. 936; *Sizemore* v. *Jennings,* 88 S. C. 243, 70 S. E. 726.

Exceptions four, five and eight made by the plaintiff are sustained, they covering in substance all the errors imputed to the Circuit Judge. It is unnecessary to consider the others.

. It is the judgment of this Court that the order of the Circuit Judge dissolving the injunction be. and the same is hereby, reversed. Let the complaint, the exceptions, and power of attorney, the affidavit of John Richardson, Jr., and of D. K. Godbold, be printed with the report of the case.

THE CHIEF JUSTICE *concurs* on the ground that the plaintiff made a *prima facie* showing, when the temporary order of injunction was granted; and that the ends of justice would be subserved by continuing the injunction, especially as the dissolution thereof would materially change the status of the property, and might be very prejudicial to the rights of the parties.